IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CHRISTINE A. MCDANIEL**,

**Plaintiff,**

**v.**

**UNITED STATES OF AMERICA,**

**Defendant.**                                                    **No. 05-0480-DRH**

**MEMORANDUM and ORDER**

**HERNDON, Chief Judge:**

### I. Introduction and Background

Now before the Court is McDaniel's motion for application of Illinois law (Doc. 40). The Government opposes the motion (Doc. 47). Based on the following, the Court grants the motion.

On July 8, 2005, Christine McDaniel, as Administrator of the Estate of John McDaniel, deceased, filed a two-count complaint for medical malpractice against the United States of America pursuant to the Federal Torts Claims Act, 28 U.S.C. §§ 1346, 2671-2680 (Doc. 1). On October 15, 2005, McDaniel filed a First Amended Complaint pursuant to the Federal Torts Claim Act for wrongful death against the Government (Doc. 14). The First Amended Complaint states that on March 6, 2004, John McDaniel died as a result of the Government's negligence. Specifically, the First Amended Complaint alleges that John McDaniel was a patient of the VA Medical Center and that he was treated by the VA Medical Center's "agents,

servants and employees, including Dr. Joan Gary, for various psychiatric disorders." (Doc. 14, p. 2). Further, the First Amended Complaint alleges that the Government, by and through its agents "negligently and carelessly failed to accurately, properly, and timely diagnose and treat depression and suicidal behavior" and because of the Government's negligence McDaniel died.

On April 4, 2008, the Court held the Final Pretrial Conference in this matter (Doc. 36). Thereafter on April 8, 2008, the Court entered the Final Pretrial Order (Doc. 37). On June 11 and 30, 2008, Plaintiff filed the motion for application of Illinois law and a supplement to that motion (Docs. 40 & 43, respectively). The Government filed its response on July 9, 2008 (Doc. 47) and Plaintiff filed her reply on August 12, 2008 (Doc. 50). Meanwhile, the Court set this matter for bench trial on October 20, 2008 (Doc. 44). As the motion is ripe, the Court turns to address the motion.

## II. Facts

The following facts are not in dispute and are taken from the Final Pretrial Order. John McDaniel died by suicide on March 6, 2004, in Illinois.[1] He and his girlfriend, Theresa Voss, broke up the day before he committed suicide. He was survived by his mother, two sisters and two brothers.

On February 23, 2004, John McDaniel signed for application of health benefits at the VA Medical Center. He had visited the VA Medical Center on March

---

[1] Mr. McDaniel committed suicide in Ms. Voss' driveway.

2, 2004, in St. Louis, four days before he died. He left the VA Medical Center that same day.

Joan Gary was a nurse practitioner at the VA Medical Center Emergency Room at the pertinent times. Eve Hurley was a registered nurse at the VA Medical Center Emergency Room at the pertinent times.

John McDaniel worked at Gold's Gym in Fairview Heights, Illinois. He started February 23, 2004. He earned $289.90 for that week and the following week. Mr. McDaniel lived with his mother, Christine McDaniel, in Posey, Illinois at the time of his death.

### III. Analysis

The FTCA provides a remedy for personal injury caused by the negligent or wrongful act of any government employee acting within the scope of his employment "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place" where the act occurred. **28 U.S.C. § 1346(b)(1);** *see also **Midwest Knitting Mills, Inc. v. United States**, 950 F.2d 1295, 1297 (7th Cir. 1991); **Stratmeyer v. United States**, 67 F.3d 1340, 1345 (7th Cir. 1995)*.

Here, the parties agree that the Court should apply Missouri's choice of law provisions in determining whether Missouri substantive law or Illinois substantive law applies.[2] Further, the parties agree that Missouri follows the "most

---

[2] Missouri law provides for a "cap" of $350,000 on non-economic damages. **See Mo. Rev. Stat. § 538.210 ¶ 1**. Illinois does not have a "cap" on non-economic damages.

significant relationship test" set out in Section 145 of the Restatement, Second, on Conflict of Laws. *See Goede v. Aerojet General Corp.*, **143 S.W.3d 14, 24-25 (Mo. App. 2004);** *Kennedy v. Dixon*, **439 S.W.2d 173, 184 (Mo. banc 1969)**. However, the parties disagree as to the outcome after a choice of law analysis under Missouri law. Thus, the Court must decide whether Missouri or Illinois substantive law applies under Missouri's choice of law. Based on the following, the Court agrees with McDaniel.

Restatement, Second, Conflict of Laws Section 145 states:

> (1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6. (2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include: (a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered.
> These contacts are to be evaluated according to their relative importance with respect to the particular issue.

Here, there is no dispute that the injury causing-conduct occurred in Missouri, that for this case the Government's domicile is Missouri and that the relationship of the parties was centered is Missouri. However, on balance, the Court finds that Illinois has the most significant relationship and a more significant interest in resolving this litigation, as the injury occurred in Illinois and John McDaniel was domiciled in Illinois. Further, the Court finds that Illinois has a strong interest in this case as it was an Illinois resident who allegedly received poor care in Missouri,

returned to Illinois and killed himself in Illinois. Thus, the Court finds that Illinois has the most significant contacts and that Illinois substantive law as to damages applies in this case.[3]

### IV. Conclusion

Accordingly, the Court **GRANTS** Plaintiff's motion for application of Illinois law (Doc. 40).

**IT IS SO ORDERED.**

Signed this 2nd day of October, 2008.

/s/     David R Herndon
**Chief Judge**
**United States District Court**

---

[3] Restatement, Second, Conflict of Laws Section 171 states: "The law selected by application of the rule of § 145 determines the measure of damages."